IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HICA EDUCATION LOAN CORPORATION,   )<br>    Plaintiff,   )<br>   )<br>v.   )<br>   )<br>WALTER K. LITTLE a/k/a   )<br>WALTER K. LITTLE, JR.   )<br>    Defendants.   ) | CIVIL ACTION NO. 14-550-KD-M |

**ORDER**

This matter is before the Court on Plaintiff's Motion for Default Judgment. (Doc. 9). Upon consideration, the motion is **GRANTED**.

**I.    Background**

On November 26, 2014, Plaintiff HICA Education Loan Corporation filed a complaint (the "Complaint") against Defendant Walter K. Little seeking enforcement of a federally guaranteed Health Education Assistance Loan that was signed by the Defendant pursuant to the provisions of the United States Health Education Assistance Loan Program, 42 U.S.C. § 292 et seq. and 42 C.F.R. Part 60. (Doc. 1). The Complaint contains the following relevant allegations. On December 30, 1994, the Defendant signed a promissory note ("the Note") borrowing $81,557.75 from the Student Loan Marketing Association. (Doc. 1 at 2). The sum set forth in the Note was "loaned and advanced to the Defendant." (Id.). On an unspecified date, the Note was "sold, transferred, and assigned to Plaintiff by the Student Loan Marketing Association (SLMA)" and "Plaintiff is the owner and/or holder of the Note." (Id.). Defendant has since failed to make the required payments on the Note, and therefore is in default. (Id. at 2-3). Plaintiff is entitled to collect the unpaid amounts due and owing under the Note, including, but not limited to, the

unpaid principal, interest, and late charges. (Doc. 1-5, the Note). The Complaint "requests judgment and damages against Defendant for actual damages, including (1) unpaid principal, (2) accrued, unpaid, prejudgment interest calculated in accordance with the terms of the Note and (3) accrued, unpaid late charges, as applicable, with post-judgment interest on these amounts at the variable rate set forth in the Note." (Doc. 1 at 4). Plaintiff also requests an award of attorney's fees and costs. Id.

On February 12, 2015, Plaintiff filed a return of service, in which the process server averred that Defendant was personally served on January 16, 2015. (Doc. 6). On March 4, 2015, Plaintiff filed an application for entry of default, which was granted on March 6, 2015. (Docs. 7-8). A copy of the default was mailed to the Defendant. (Doc. 8 docket entry).

On March 30, 2015, Plaintiff filed a motion for default judgment. (Doc. 9). The declaration of Robin Zimmermann, an employee of Navient Solutions, Inc., the servicing agent for Plaintiff was included with the motion. (Doc. 9-2). Zimmermann declares that as of February 12, 2015[1] – the date of her declaration – Defendant owed Plaintiff the following amounts under the Note: 1) $38,998.66 in unpaid principal; 2) $977.66 in unpaid interest; and 3) interest through the date of judgment at the rate of $3.33 per day. (Doc. 9-2 at 1). Plaintiff maintains that the allegations in the Complaint and the evidence presented in support of the motion demonstrate that it is entitled to default judgment against Defendant "in the amount of $39,976.32, plus additionally prejudgment interest from February [1]3, 2015 to the date of judgment at the rate of $3.33 per day"[2] and post-judgment interest at the rate set forth in the Note or, in the alternative, the rate established pursuant to 28 U.S.C. § 1961. (Doc. 9 at 2 at n.1).

---

[1] The Zimmerman declaration was misdated as February 12, 2014. The correct date is February 12, 2015. (Doc. 11).
[2] The Zimmerman declaration stated this date as February 3, 2015. However, Plaintiff clarified that prejudgment interest is to be calculated from February 13, 2015. (Doc. 11).

2

**II.     Standard of Review**

When a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk enters default. Fed.R.Civ.P. 55(a). However, the mere entry of default by the Clerk does not in itself warrant the entry of default judgment by the Court. *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir.1975).[3] Rather, the Court must find that there is a sufficient basis in the pleadings for the judgment to be entered. *Id.; see Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1370 n. 41 (11th Cir.1997) ("[A] default judgment cannot stand on a complaint that fails to state a claim."). A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact, and bars the defendant from contesting those facts on appeal. *Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir.1987) (citing *Nishimatsu,* 515 F.2d at 1206). Although it must accept well-pled facts as true, the Court is not required to accept a plaintiff's legal conclusions. *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

Notwithstanding the propriety of default judgment against a defendant, it remains incumbent on the plaintiff to prove the amount of damages to which he or she is entitled. "While well-pleaded facts in the complaint are deemed admitted, plaintiff's allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages." *Virgin Records Am., Inc. v. Lacey,* 510 F.Supp.2d 588, 593 n. 5 (S.D.Ala.2007); *Whole Space Indus., Ltd. v. Gulfcoast Int'l Prods., Inc.,* Case No. 2:09–cv–217–UA–SPC, 2009 WL 2151309, at *3 (M.D.Fla. July 13, 2009) (same). Therefore, even in

---

[3] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

the default judgment context, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters[.]"*Anheuser Busch, Inc. v. Philpot,* 317 F.3d 1264, 1266 (11th Cir. 2003); *see Adolph Coors Co. v. Movement Against Racism and the Klan,* 777 F.2d 1538, 1544 (11th Cir. 1985) (explaining that damages may be awarded on default judgment only if the record adequately reflects a basis for an award of damages).

The Eleventh Circuit has explained that "[f]ederal law similarly requires a judicial determination of damages absent a factual basis in the record," even where the defendant is in default. *Anheuser Busch,* 317 F.3d at 1266. Ordinarily, unless a plaintiff's claim against a defaulting defendant is for a liquidated sum or one capable of mathematical calculation, the law requires the district court to hold an evidentiary hearing to fix the amount of damages. *See S.E.C. v. Smyth,* 420 F.3d 1225, 1231 (11th Cir. 2005). However, no hearing is needed "when the district court already has a wealth of evidence from the party requesting the hearing, such that any additional evidence would be truly unnecessary to a fully informed determination of damages." *See Id.* at 1232 n. 13; *see also Wallace v. The Kiwi Grp., Inc.,* 247 F.R.D. 679, 681 (M.D.Fla. 2008) ("a hearing is not necessary if sufficient evidence is submitted to support the request for damages").

**III.   Analysis**

To recover on a promissory note, the plaintiff must establish the following: 1) defendant signed the note; 2) plaintiff is the present owner of the note; and 3) the note is in default. *HICA Educ. Loan Corp. v. Perez,* 2012 WL 4336026, at *1 (M.D.Fla. Sept. 20, 2012) (citing *FDIC v. Selaiden Builders, Inc.,* 973 F.2d 1249, 1254 (5th Cir.1992)). Here, the Complaint contains the following relevant allegations: 1) Defendant signed the Note on December 30, 1994. (Docs. 1 at 2, 1-5); 2) Plaintiff is the present owner of the Note (Doc. 1 at 2); and 3) the Note is in default

due to Plaintiff's failure to make the required payments thereon. (Doc. 1 at 2). Accordingly, the Plaintiff's motion for default judgment is **GRANTED**.

The amount Plaintiff seeks to recover under the Note is one capable of mathematical calculation, thus there is no need for a hearing on damages. Zimmermann declares that as of February 12, 2015 – the date of her declaration – Defendant owed Plaintiff the following amounts under the Note: 1) $38,998.66 in unpaid principal; 2) $977.66 in accrued, unpaid interest; and 3) interest through the date of judgment at the rate of $3.33 per day. (Doc. 9-2 at 1). The declaration is uncontroverted. Accordingly, the Plaintiff is entitled to recover the amounts set forth above, as well as post-judgment interest at the rate set forth in 28 U.S.C. §1961.[4]

## IV.     Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Default Judgment. (Doc. 9) and **DIRECTS** the Clerk of Court to enter default judgment in favor of Plaintiff and against Defendant Walter K. Little a/k/a Walter K. Little, Jr. Plaintiff is entitled to the following sums:

---

[4] Plaintiff requests that post-judgment interest accrue at the variable rate to which the parties contracted in the Note and only seeks post-judgment interest pursuant to 28 U.S.C. § 1961 in the alternative. (Doc. 9 at 2, n.1). In support of the contractual rate, plaintiff cites 42 U.S.C. § 292d(d), which provides that laws limiting interest rates on loans do not apply to HEAL loans. Plaintiff does not provide any authority for the proposition that this provision implicates 28 U.S.C. § 1961. "Post-judgment interest in a civil case is determined by 28 U.S.C. § 1961(a) which provides that the rate of interest shall be calculated from the date of the entry of the judgment [ ] at a rate equal to the weekly average 1—year constant maturity Treasury [bill] ... for the calendar week preceding the date of the judgment. …Although the Eleventh Circuit has never addressed the issue, the consensus among courts that have is that parties may agree to a different post-judgment interest rate. However, federal law requires language expressing an intent that a particular interest rate apply to judgments or judgment debts' to be clear, unambiguous and unequivocal. This requirement arises from the principal that the debt is extinguished upon entry of judgment and a new debt, a judgment debt, is created. The parties must explicitly state that they are agreeing to a post-judgment interest rate. *SE Prop. Holdings, LLC v. Foley*, 2012 WL 1382523, at *5 (S.D. Ala. Apr. 20, 2012)(internal quotations and citations omitted). The Note in this case does not contain the type of "clear, unambiguous and unequivocal language" necessary to circumvent the statutory interest rate. *See HICA Educ. Loan Corp. v. Perkins*, 2012 WL 3079132, at *1 n.2 (D.Colo. July 25, 2012) (holding the same). Accordingly, post-judgment interest is to be calculated at the rate determined by 28 U.S.C. §1961.

| | |
|---|---:|
| Unpaid principal: | $38,998.66 |
| Unpaid interest: | $977.66 |
| Pre-judgment interest from February 13, 2015 to June 11, 2015 at $3.33 per day: | $386.28 |
| Total: | $40,362.60 |

Plaintiff is also awarded post-judgment interest, which shall accrue beginning on the date of entry of this Order, bearing the rate specified under federal law, 28 U.S.C. §1961. Final default judgment shall be entered upon resolution of Plaintiff's claim for attorney's fees and costs.

The Clerk is directed to mail a copy of this order to the Defendant at his address of record.

**DONE** and **ORDERED** this the **11th** day of **June 2015**.

> **s / Kristi K. DuBose**
> **KRISTI K. DuBOSE**
> **UNITED STATES DISTRICT JUDGE**